UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TOD BABCOCK, et al.,**

    Plaintiffs,

    v.                                            No. 13-CV-1179 MCA-WPL

**ALBUQUERQUE POLICE DEPARTMENT,
CITY OF ALBUQUERQUE,
ALBUQUERQUE POLICE OFFICERS
ASSOCIATION,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Defendant City of Albuquerque's Motion to Dismiss* [Doc. 18], *Plaintiffs' Motion for Leave to File Surreply to Defendant's Motion to Dismiss* [Doc. 24], and the *City's Motion for Leave to File Response to Plaintiffs' Surreply* [Doc. 27]. Having considered the parties' submissions, the relevant case law, and otherwise being fully advised in the premises, the Court will grant Plaintiffs' motion for leave to file a surreply, but deny the City's motion for leave to file a response to the surreply and motion to dismiss.

**I.**    **BACKGROUND**

On December 12, 2013, Plaintiffs Tod Babcock, John Corvino, Bruce DeHerrera, Larry Edmonson, Cornel Heitzman, Janette Kimberlin, Henry Ladavazo, Andrew

1

Lehocky, Robert Lujan, Herman Martinez, Valentine Olivas, Leonard Rodriguez, Daniel Torgrimson, James Vautier, and Victor Wiebe, filed a Complaint against the Albuquerque Police Department (APD), City of Albuquerque (the City), and the Albuquerque Police Officers Association (the Union) (hereinafter collectively referred to as "Defendants"). [Doc. 1] Plaintiffs, all of whom are over forty years of age, are retired police officers who were collecting their pensions from the Public Employee Retirement Association (PERA) when they were rehired by the APD. [Doc. 1 at 4-5] The Union entered into a collective bargaining agreement (CBA) with the APD which prohibited "any PERA rehire officer from participating in any promotional process with the APD." [Doc. 1 at 4] The Complaint raised the following claims: (1) disparate treatment discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.*; (2) disparate impact discrimination in violation of the ADEA, 29 U.S.C. § 621, *et seq.*; (3) violation of the New Mexico Human Rights Act (NMHRA), NMSA 1978, § 28-1-7(A); and (4) a declaratory judgment that Plaintiffs were discriminated against in violation of the ADEA because of their age. [Doc. 1 at 8-17]

On December 17, 2013, Plaintiffs filed a *First Amended Complaint* [Doc. 6], which added additional Plaintiffs (namely, Arthur Acosta, David Guzman, Richard Lewis, Lorraine Lopez-Sadler, and Thomas Melvin), followed by a *Second Amended Complaint* [Doc. 7], which also added an additional Plaintiff (namely, Yvonne Martinez).

On March 25, 2014, Plaintiffs filed a *Motion to Amend Complaint and Motion to Extend Service of Process* [Doc. 9], seeking to file a Second Amended Complaint and to extend the deadline for service of process in order to add additional Plaintiffs. In support

2

of their motion, Plaintiffs stated that the "additional plaintiffs have identical facts to Plaintiffs and judicial economy would make sense to have them included in this claim as opposed to filing a separate action." [Doc. 9] Magistrate Judge Molzen granted the motion and extended the deadline for service of process to July 10, 2014. [Doc. 10] On May 21, 2014, Plaintiffs filed their *Second Amended Complaint* [Doc. 12], which added additional Plaintiffs (namely, Richard Altman, Troy Baldonado, Gerald Ball, David Bartram, Joel Block, Robert Bowman, Michael Broderick, Marvin Brown, Kelly Burt, Don Chavez, Joe Chavez, Tobias Gallegos, Adam Garcia, Ruben Garcia, Stanley Gray, Jimmy Hernandez, Kiel Higgins, Joseph Lehocky, Mark Lillie, Alejandro Marentes, Oscar Medrano, Donald Platt, Gerald Roach, Michael Roach, Byron Samora, Paul Smouse, Brian Snow, and Terry Stephenson).

On June 5, 2014, Frederick M. Mower, counsel for the Union accepted service of process on behalf of the Union. [Doc. 14]

On July 14, 2014, the City and APD moved to file a limited appearance for the purpose of filing a motion to dismiss based on the Plaintiffs' failure to serve the City in accordance with Fed. R. Civ. P. 4. [Doc. 16] Magistrate Judge Scott granted the motion. [Doc. 19]

On July 14, 2014, the City and APD (hereinafter referred to collectively as "the City") filed *Defendant City of Albuquerque's Motion to Dismiss*, based on Plaintiffs' failure to effect service of process pursuant to Fed. R. Civ. P. 4(m). [Doc. 18] In their response, Plaintiffs admitted that they had failed to serve the City by the July 10th deadline established by Judge Molzen. Plaintiffs explained the omission as follows:

3

> Undersigned counsel's paralegal was charged with reaching out to counsel for all Defendants to see whether their counsel would accept service.  When the paralegal discussed the matter with the Associations' counsel an acceptance of service was mistakenly filed (docket 13) on behalf of all defendants when in fact it was only for the Union.  Undersigned counsel was assured by his paralegal that service was effectuated on all parties and that Mr. Mowrer was counsel for all Defendants.  This clearly was not the case.

[Doc. 21 at 1]  Plaintiffs argued that this "honest mistake" constituted good cause to excuse the failure to effectuate service by the July 10th deadline and pointed out that the error had been rectified because the City was served on July 16, 2014.  [Doc. 21 at 2]  Plaintiffs further argued that the City's motion to dismiss should be denied because the City would not be prejudiced by an extension of time, the City was aware of the case due to the "multi-year investigation with the EEOC (Equal Employment Opportunity Commission)," and Plaintiffs had "not been warned by the Court of a possible dismissal." [Doc. 21]  In their reply, the City countered that Plaintiffs had "strategically delayed service of process to file amendments joining additional plaintiffs," that the paralegal's error did not constitute good cause or excusable neglect, and that "the City will be prejudiced in that certain key witnesses to the alleged prohibited procedures or the negotiation of such procedures into the relevant collective bargaining agreement(s) have retired from the City and Albuquerque Police Department employment and some have moved out of state."  [Doc. 22 at 3-4]

On August 11, 2014, Plaintiffs filed *Plaintiffs' Motion for Leave to File Surreply to Defendant's Motion to Dismiss*.  [Doc. 24]  In support of their motion, Plaintiffs allege that the City's reply brief "raises significant issues not initially raised in their Motion,"

4

including "issues of inappropriate amendments and an alleged 'strategic delay' in service of process" and "arguments regarding prejudice." [Doc. 24 at 1] The City responds that Plaintiffs' motion should be denied because the proposed surreply "only serves to rehash every issue that Plaintiffs had ample opportunity to address in their previous briefs." [Doc. 26 at 2]

On August 25, 2014, the City filed the *City's Motion for Leave to File Response to Plaintiffs' Surreply*. [Doc. 27] The City contends that "basic fairness and due process call for allowing the City to file a response to Plaintiffs' Surreply." [Doc. 27 at 1] Plaintiffs respond that the City's motion should be denied because it raises no new issues and seeks to "rehash arguments [the City] made in their reply." [Doc. 29 at 1]

## II.   DISCUSSION

### A.   *Motions Regarding Surreplies*

The Local Civil Rules of the United States District Court for the District of New Mexico provide that "[t]he filing of a surreply requires leave of court." D.N.M.LR-Civ. 7.4(b). "Courts generally do not grant a party leave to file a sur-reply unless the opposing party's reply brief includes new information that the responding party needs an opportunity to address." Muller v. Vilsack, Civ. No. 13-431 MCA/SMV, Doc. No. 137 at 5 (D.N.M. September 30, 2014).

The Court has reviewed Plaintiffs' proposed surreply, which addresses the following two issues: (1) Plaintiffs' alleged "strategic delay" in the service of process; and (2) prejudice to the City. [Doc. 24] The City did not raise either of these two issues until it filed its reply brief. [See Docs. 18 and 22] Because the City's reply brief includes

5

"new information that the responding party needs an opportunity to address," id., the Court will grant Plaintiffs' motion to file a surreply.

The City moves to file a response to Plaintiffs' surreply. [Doc. 27] The City's proposed response to Plaintiffs' surreply does not address any new issues raised for the first time in the surreply, but simply rehashes arguments previously addressed in the City's reply brief. Therefore, the City's motion to file a response to the surreply will be denied.

### B.   *Motion to Dismiss*

Fed. R. Civ. P. 4(m), which governs the time limit for service of process, provides in relevant part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). While "a plaintiff who shows good cause for failure to timely effect service is entitled to a mandatory extension of time . . . a plaintiff who has failed to show 'good cause' for a mandatory extension of time may still be granted a permissible extension of time within the district court's discretion." Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).

To resolve the pending motion to dismiss, the Court first must determine whether Plaintiffs have demonstrated "good cause" for their failure to effect timely service of

process.[1] See id. ("Because a plaintiff who shows good cause for failure to timely effect service of process is entitled to a mandatory extension of time, district courts must still preliminarily examine whether good cause for the delay exists."). "[T]he good cause provision of Rule 4[(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) (internal quotation marks and citations omitted). Indeed, "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service. Mistake of counsel or ignorance of the rules usually do not suffice." In re: Kirkland, 86 F.3d 172, 176 (10th Cir. 1996) (holding that the pro se plaintiffs' miscalculation of the time period for service of process by one day does not constitute good cause); see also Cox v. Sandia Corp., 941 F.2d 1124, 1125 (10th Cir. 1991) (holding that plaintiff's counsel "must assume responsibility for the failure of a hired process server to timely effect service"); Bradley v. Frito Lay, Inc., No. 07-4054-JAR, 2008 WL 695224, at *3 (D. Kan. March 7, 2008) ("The inadvertent failure of plaintiff's counsel to appropriately calendar the date for service of summons plainly does not suffice as good cause under Tenth Circuit precedent."). Furthermore, "absence of prejudice alone does not constitute good cause," In re: Kirkland, 86 F.3d at 176, nor does the defendants actual knowledge of the pendency of the lawsuit. Despain, 13 F.3d at

---

[1] Plaintiffs assert that "[t]he City's motion, while couched in Rule 4(m) is really a motion to dismiss under Rule 41(b)." [Doc. 21 at 2] However, the Tenth Circuit Court of Appeals has held that a motion to dismiss for failure to effect timely service of process should be analyzed under Fed. R. Civ. P. 4(m), instead of Fed. R. Civ. P. 41(b). See Scott v. Hern, 216 F.3d 897, 912 (10th Cir. 2000) ("The district court dismissed without prejudice these claims because Scott had failed to identify or serve these defendants. While this order is characterized as a dismissal for failure to prosecute, implicitly invoking Fed.R.Civ.P. 41(b), we construe it as falling under the more precisely applicable Fed.R.Civ.P. 4(m), which authorizes dismissal without prejudice for failure to effect service within 120 days after the filing of the complaint.").

1439 ("The relevant standard under Rule 4[(m)] is not whether defendants do or do not have 'actual knowledge' of a suit in which they are named. The standard is whether plaintiffs have shown 'good cause' for their failure.") (internal quotation marks and citation omitted). Because "inadvertence or negligence alone do not constitute 'good cause' for failure of timely service," In re: Kirkland, 86 F.3d at 176, the Court concludes that Plaintiffs' reliance on the honest mistake of their paralegal does not constitute "good cause" under Rule 4(m).

The Court next considers whether Plaintiffs should be granted a permissive extension of time in which to effect service of process. See Espinoza, 52 F.3d at 841 ("If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted. At that point, the district court may in its discretion either dismiss the case without prejudice or extend the time for service."). "In determining whether [a plaintiff] should be granted a permissive extension of time, several factors should guide the district court." Espinoza, 52 F.3d at 842. "First, the advisory committee's note states that '[r]elief may be justified . . . if the applicable statute of limitations would bar the refiled action.'" Id. (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)." Second, the district court should consider whether the plaintiff is proceeding pro se. See id. Third, the district court should consider whether the plaintiff made a good faith attempt to serve the United States government consistent with "the complex requirements of multiple service" under Rule 4(i). Id.

Neither the second nor third factors are applicable to the present case, since Plaintiffs are not proceeding pro se and the United States government is not a party to the

8

action. Nonetheless, turning to the first factor, the Court notes that Plaintiffs' ADEA claims will be time-barred if the City's motion to dismiss is granted. See 29 U.S.C. § 626(e) (providing that a civil action must be brought within 90 days of the issuance of the EEOC's right-to-sue letter). "An extension of the service period is particularly appropriate where the delay has not prejudiced the defendant and the statute of limitation might bar any refiled action." Rivera v. Riley County Law Board, No. 11-cv-02067-JAR-JPO, 2011 WL 4686554, at *4 (D. Kan. Oct. 4, 2011) (internal quotation marks and citation omitted) (granting a permissive extension of time because the plaintiffs' Title VII claims would be time-barred and "defendants had notice of the lawsuit within the time period for service of process and delay would not prejudice them"). In the present case, the City had actual knowledge of the pendency of the present ADEA suit and service was effectuated only six days after the July 10th deadline for service of process. [Doc. 20] Furthermore, although the City alleges that it will suffer prejudice because "certain key witnesses to the alleged prohibited procedures or the negotiation of such procedures into the relevant collective bargaining agreement(s) have retired from the City and Albuquerque Police Department and some have moved out of state," [Doc. 22 at 3-4] the City fails to explain how service of process six days earlier, on July 10th instead of July 16th, would have avoided this prejudice. Lastly, it does not appear that Plaintiffs' counsel acted in bad-faith and service was promptly effectuated once the delay in service of process was discovered. Under the present factual circumstances, the Court will exercise its discretion to permit a seven-day extension of time, until July 17, 2014, for Plaintiffs to effect service of process. See Davis v. San Juan County, No. CIV-05-942 JB/LFG, 2006

WL 1305033, at *4 (D.N.M. Jan. 11, 2006) (granting a permissive extension of time when there was a minimal delay in service of process and the plaintiff's claims would be time-barred if the complaint was dismissed); Chavez v. Dennis, et al., No. CIV-05-186 MCA/ACT, Doc. 42 at 6-7 (granting a permissive extension of time when "a refiled action would be barred" by the statute of limitations, the defendant had knowledge of the action, and the defendant would not suffer prejudice).

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion for Leave to File Surreply to Defendant's Motion to Dismiss* [Doc. 24] is **GRANTED**;

**IT IS FURTHER ORDERED** that the *City's Motion for Leave to File Response to Plaintiffs' Surreply* [Doc. 27] is **DENIED**;

**IT IS FURTHER ORDERED** that *Defendant City of Albuquerque's Motion to Dismiss* [Doc. 18] is **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiffs are granted a seven-day permissive extension of time, until July 17, 2014, in which to effect service of process on the City.

**SO ORDERED** this 13th day of March, 2015, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
Chief United States District Judge